**GANG YU YIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–5400–ag.**

United States Court of Appeals, Second Circuit.

July 21, 2006.

mer Attorney General John Ashcroft as the respondent in this case.

Yuming Wang, Wynnewood, PA, for Petitioner.

Alice H. Martin, United States Attorney, Northern District of Alabama; Jenny L. Smith, Assistant United States Attorney, Birmingham, AL, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Gang Yu Yin, through counsel, petitions for review of the September 2004 order affirming Immigration Judge ("IJ") George T. Chew's decision denying his application for asylum, withholding of remov-

al, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA does not expressly adopt the IJ's decision, but closely tracks the IJ's reasoning in briefly affirming the IJ's decision, the Court may consider both the IJ's and the BIA's decisions for the sake of completeness, at least when this does not affect the outcome. *Wangchuck v. DHS*, 448 F.3d 524, 528–29 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–7 (2d Cir.2003).

■ Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Accordingly, we lack jurisdiction to review Gang Yu Yin's claim that the untimeliness of his petition should be excused. Although we retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," because Yin has failed to raise either, any such arguments are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal). Because Yin fails also to challenge the IJ's denial of his application for relief under the CAT, any challenge to the IJ's resolution of this issue is also deemed waived. *Id.*

Section 1158(a)(3) applies only to asylum requests and does not divest this Court of jurisdiction under § 1252(a) to review final orders of removal which deny other relief, such as withholding of removal. *See Joaquin–Porras v. Gonzales*, 435 F.3d 172, 180–81 (2d Cir.2006).

■ Here, Yin's arguments to the Court are unavailing because substantial evidence supports the BIA's and IJ's determination that he has not demonstrated a clear probability of persecution if returned to China. The IJ accurately observed that, although Yin's wife, daughter, and brother-in-law had been detained and sentenced to labor camps, all three family members had since been released. The IJ reasonably relied on the fact that Yin's family members had fulfilled or been excused from their sentences as decreasing the risk that Yin would be subject to persecution. Moreover, although the Country Reports indicate that the Chinese government may hold family members of Falun Gong members "responsible" for preventing Falun Gong activities, there is simply insufficient evidence that Yin would *more likely than not* be subject to persecution if he returned to China. With the exception of being abused during the Cultural Revolution almost forty years ago, Yin denied being physically or otherwise mistreated by the authorities. Further, he did not testify, nor did his wife or daughter allege in their letters, that the authorities held him directly responsible for his family members' activities, threatened to arrest or detain him, or imputed his family's Falun Gong belief and activities to him.

■ Additionally, the BIA reasonably found that even if it considered the additional evidence submitted by Yin on appeal, it fell "far short" of demonstrating a clear probability of persecution. In the absence of "solid support in the record" for Yin's assertion that he would be persecuted if returned to China on account of his family members' practice of Falun Gong,

his claim is too speculative. *Cf. Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).